**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEYDI FLORES-CASTELLAN,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   15-72320<br><br>Agency No. A206-836-197<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:     McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Leydi Flores-Castellan[1], a native and citizen of Honduras, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]     In petitioner's testimony before the immigration judge and in her Opening Brief, she asserts that her true name is Leydi Flores-Castellon.

relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of CAT relief because Flores-Castellan failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Flores-Castellan does not raise and therefore has waived challenge to the BIA's determination that she waived her asylum and withholding of removal claims before the IJ. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We lack jurisdiction to consider Flores-Castellan's contentions regarding the merits of her asylum and withholding of removal claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, we deny the petition for review as to Flores-Castellan's asylum and withholding of removal claims.

To the extent Flores-Castellan contends that the IJ failed to grant her adequate time to prepare her case or consolidate her case with her minor son's, we lack jurisdiction to consider those contentions because she failed to raise them

15-72320

before the BIA. *See Barron*, 358 F.3d at 677-78.

To the extent Flores-Castellan raises an ineffective assistance of counsel claim in her opening brief, we lack jurisdiction to consider it. *See id*.; *see also Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (ineffective assistance of counsel claim required exhaustion before the agency by filing a motion to reopen).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**